# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON,  )
)
)     <u>O R D E R</u>
Debtor. )
)

**THIS MATTER** is before the Court on the Debtor's "Notice and Motion" [DE-438], which the Court construes as a motion for recusal and for cancellation of the status conference scheduled for September 22, 2017, and the Debtor's "Notice of Appeal" [DE-439], by which the Debtor purports to appeal the Notice issued by the Clerk of Court setting the September 22, 2017 status conference.

A motion for recusal should be granted only if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Adverse judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion." <u>United States v. Lentz</u>, 524 F.3d 501, 530 (4th Cir. 2008) (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994)). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings,

do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Here, the Debtor asserts that the undersigned has "prejudged this case" and has "condone[d] the massive corruption of the Courts...." [DE-438 at 1]. While couched in terms of bias and corruption, the Debtor clearly takes issue with the Court's rulings that were adverse to her. The Debtor's dissatisfaction with the Court's prior rulings, however, is not a sufficient grounds for recusal. The Debtor has not articulated any basis to find that the undersigned's impartiality might reasonably be questioned. Accordingly, the motion for recusal is denied.

The Court notes that the Debtor has filed a Notice of Appeal, apparently seeking to appeal the setting of the September 22, 2017 status conference. The propriety of the filing of this Notice of Appeal shall be addressed at the September 22, 2017 status conference. Accordingly, the Debtor is advised that the status conference scheduled for September 22, 2017 shall proceed as scheduled.

**IT IS, THEREFORE, ORDERED** that the Debtor's "Notice and Motion" [DE-438] is **DENIED**. The status conference scheduled for September 22, 2017 shall proceed as scheduled.

Entered this day the 13 day of September, 2017.

                                                                         */s/ Martin Reidinger*
**MARTIN REIDINGER**
**UNITED STATES DISTRICT JUDGE**