THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON,　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　**O R D E R**
　　　　　　　Debtor.　　　　　　)
　　　　　　　　　　　　　　　　)

**THIS MATTER** is before the Court on the Debtor's "Demand for Hearing and Trial Before a Jury" [DE-420] and the Debtor's "Request Concerning Jury Trial of the Motions Regarding the Trustee's Unlawful Motion to Sell" [DE-427].

I.　　**PROCEDURAL BACKGROUND**

Celeste G. Broughton (the "Debtor") filed a Voluntary Petition for Relief under Chapter 13 of Title 11 of the United States Code on December 15, 2014. [Bankr. Case No. 14-07268-5-JNC (the "Bankruptcy Proceeding")]. On July 14, 2015, the case was converted to one under Chapter 7. On July 15, 2015, Walter L. Hinson (the "Trustee") was appointed as the Chapter 7 Trustee by order of the Bankruptcy Court. On May 19, 2016, on his own motion, the Honorable Terrence W. Boyle, United States District Court Judge for the Eastern District of North Carolina, entered an Order withdrawing the

reference to the United States Bankruptcy Court for the Eastern District of North Carolina. [Misc. Case No. 5:16-mc-19-BO]. The United States District Court thereafter docketed the main bankruptcy proceeding as Civil Case No. 5:16-cv-302-BO.[1]

On March 6, 2017, the Trustee filed a Motion to Sell Assets Free and Clear of Liens and Transfer Liens to Proceeds of Sale pursuant to 11 U.S.C. § 363 [DE-411] ("Trustee's Motion To Sell") and an accompanying Memorandum in Support [DE-413]. The Debtor filed numerous pleadings in opposition to the Trustee's motion, including a Motion to Dismiss the Trustee's Motion to Sell and a demand for a jury trial on these issues. [DE-419; DE-420; DE-427; DE-428].

On May 3, 2017, the Debtor filed a Petition for Writ of Mandamus with the United States Court of Appeals for the Fourth Circuit, seeking in part, an order requiring this Court to conduct a jury trial on the Trustee's Motion to Sell. The Fourth Circuit denied the Debtor's Petition on June 22, 2017. [DE-434, DE-435].

---

[1] On July 21, 2017, this case was reassigned to the undersigned. [DE-436].

## II. DISCUSSION

The Seventh Amendment to the United States Constitution provides, in pertinent part, as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const. amend VII. The Supreme Court has interpreted the phrase "suits at common law" to mean "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989) (citation omitted). "Parties thus have no right to trial by jury where equitable rights and remedies alone are at issue." Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson), 5 F.3d 750, 757 (4th Cir. 1993) (affirming denial of debtors' demand for jury trial on claim that bankruptcy trustee was negligent in failing to sell their dairy farm as expeditiously as possible, as basis for trustee liability is "the equitable power of courts to enforce fiduciary duties").

In Granfinanciera, the Supreme Court recognized that while the purpose of the Seventh Amendment "was to preserve the right to jury trial as it existed in 1791, the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of

3

action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." Granfinanciera, 492 U.S. at 41-42 (citation and internal quotation marks omitted). In determining whether a statutory right is analogous to a common-law cause of action ordinarily decided by English law courts in the 18th century such that a right to a jury trial exists, the Supreme Court set forth the following analysis:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder.

Id. at 42 (internal citations and quotation marks omitted).

Applying this analysis to the present action, the Court concludes that the Debtor is not entitled to a jury trial on the Trustee's motion to sell. The Trustee is seeking the Court's authority and approval to liquidate assets of the bankruptcy estate pursuant to 11 U.S.C. § 363(b). In 18th Century England, such a matter would have fallen within the equitable powers vested

4

in the Lord Chancellor of England, as delegated to the commissioners of bankruptcy, and not the courts of common law. Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Props., LLC), 545 B.R. 91, 101 (Bankr. W.D. Pa. 2015) ("Under English bankruptcy law, the Lord Chancellor delegated the chancery function of supervising the bankruptcy process to commissioners, with a role similar to modern bankruptcy trustees and judges, such as collecting, liquidating, and distributing the debtor's property to creditors, and more traditional judicial activities, such as seizing property, summoning persons to appear before them, and committing people to prison.") (citation and internal quotation marks omitted), aff'd, 554 B.R. 747 (W.D. Pa. 2016); In re North Carolina Hosp. Ass'n Trust Fund, 112 B.R. 759, 762 (Bankr. E.D.N.C. 1990) ("In 18th-century England bankruptcy was essentially a creditor's remedy involving the equitable distribution of the bankrupt's estate."). Because the act of collecting, liquidating and distributing the proceeds of a debtor's bankruptcy estate is equitable in nature and does not seek determination of a common law cause of action, the Debtor is not entitled to a jury trial under the Seventh Amendment of the

U.S. Constitution on the Trustee's motion to sell and her motion in opposition thereto.[2]

For these reasons, the Debtor's request for a jury trial is denied.

**IT IS, THEREFORE, ORDERED** that the Debtor's "Demand for Hearing and Trial Before a Jury" [DE-420] and the Debtor's "Request Concerning Jury Trial of the Motions Regarding the Trustee's Unlawful Motion to Sell" [DE-427] are **DENIED**.

Entered this the 13 day of December, 2017.

MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE

---

[2] Even if the relief sought by the Trustee were not equitable in nature, under the "public rights" doctrine, the Debtor would still not be entitled to a jury trial. Granfinanciera, 492 U.S. at 51 ("Congress may only deny trials by jury in actions at law . . . in cases where 'public rights' are litigated...."). A trustee's use of § 363(b) clearly falls under the public rights doctrine. See Tutor v. Durkin (In re R2D2, LLC), 591 F. App'x 539, 542 (9th Cir. 2015).