THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON, )
)
)
Debtor. )
_____ )

## ORDER ALLOWING SALE OF ASSETS FREE AND CLEAR OF LIENS AND TRANSFER OF LIENS TO PROCEEDS OF SALE

**THIS MATTER** is before the Court on the Trustee's Motion to Sell Assets Free and Clear of Liens and Transfer Liens to Proceeds of Sale [DE-411] and the Debtor's "Motion to Dismiss the Motion to Sell" [DE-419]. All parties in interest were given notice and an opportunity to be heard regarding said Motion, and a hearing was conducted on December 15, 2017 ("the Hearing").

## I. PROCEDURAL BACKGROUND

Celeste G. Broughton (the "Debtor") filed a Petition for Relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on December 15, 2014. [Bankr. Case No. 14-07268-5-JNC (the "Bankruptcy Proceeding")]. On July 14, 2015, the case was converted to one under Chapter 7. On July 15, 2015, Walter L. Hinson (the "Trustee") was appointed as the Chapter 7 Trustee by order of the Bankruptcy Court. On May 19,

2016, on his own motion, the Honorable Terrence W. Boyle, United States District Court Judge for the Eastern District of North Carolina, entered an Order withdrawing the reference to the United States Bankruptcy Court for the Eastern District of North Carolina. [Misc. Case No. 5:16-mc-19-BO]. The United States District Court thereafter docketed the main bankruptcy proceeding as Civil Case No. 5:16-cv-302-BO.[1]

The estate of the Debtor owns real property located in the City of Raleigh, Wake County, North Carolina, which is now a part of the bankruptcy estate and subject to administration by the Court and sale by the Trustee (hereinafter "the Real Property"). The Real Property is described as follows:

> 2529 White Oak Road, Wake County, Raleigh, NC
> 27609, Lots 59-66 PT Lots 67-68 Anderson Heights
> BM1920-00235 PIN# 1705536185

On March 6, 2017, the Trustee filed the present motion to sell the Real Property free and clear of all liens pursuant to 11 U.S.C. § 363. [DE-411]. In his motion, the Trustee identifies a number of liens against the Real Property that are documented in the public record. In each case the respective creditor has filed a Proof of Claim in this proceeding. Those claims are as follows:

---

[1] On July 21, 2017, this case was reassigned to the undersigned. [DE-436].

**A.     Wake County Revenue Department:** Filed Proof of Claim Nos. 7 and 8, for approximately $85,000.00 plus any taxes, penalties and interest accruing as of the petition date. The Trustee has not disputed these claims and has not filed an objection or an adversary proceeding in connection with such claims. The Trustee anticipates that all appropriate *ad valorem* taxes and assessments will be paid as part of the distribution at the closing of any sale of the Real Property.[2] The Revenue Department, through its counsel, appeared at the Hearing on this Motion and stated its express consent to the relief sought by the Trustee in his Motion to Sell.

**B.     Bank of New York Mellon, f/k/a The Bank of New York, as trustee c/o Select Portfolio Servicing:** Filed Proof of Claim No. 4 in the amount of $348,081.16. This claim is based on a Deed of Trust presented and recorded in Book 12273, Page 1799 of the Wake County Registry on November 20, 2006, in the original amount of $350,000.00. While the Wake County Revenue Department's claim has priority over Bank of New York Mellon's claim, Bank of New York Mellon has an interest superior to all other lien creditors, based on a subordination agreement executed by Bank of

---

[2] The parties advised the Court at the Hearing in this matter that the precise amount of the claim of the Revenue Department has yet to be determined, and there also remains a question as to whether all of the claims of the Revenue Department remain liens against the Real Property. These issues, however, need not be resolved for the adjudication of the present Motion.

3

America and recorded in Book 012273, Pages 01820-01823, Wake County Registry. While the Trustee disputes Bank of New York Mellon's claim, the parties are engaged in negotiations to resolve their dispute, and to date the Trustee has not filed suit challenging the validity of this claim. Bank of New York Mellon, through its counsel, appeared at the Hearing and expressed its unconditional consent to the relief sought by the Trustee.

   C. **Bank of America, N.A.:** Filed Proof of Claim No. 2 in the amount of $240,028.25. A Deed of Trust was recorded in Wake County on June 19, 2006, purporting to secure the claim against two (2) of the ten (10) parcels that comprise the real property. As outlined above, this claimant subordinated its senior lien position to Bank of New York Mellon. It is a joint obligation with Justin J. Broughton, one of the sons of the Debtor, who the Trustee is informed and believes lives in Wilmington, North Carolina. The Trustee filed an adversary proceeding to avoid the lien of the claimant on December 29, 2016, in the United States District Court for the Eastern District of North Carolina, Civil Case No. 5:16-cv-958-RE. The parties arrived at a compromise to settle Bank of America's claim for $20,000. On December 13, 2017, this Court entered an Order approving the parties' settlement of this claim pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Pursuant to the settlement agreement between

Bank of America and the Trustee, Bank of America has unconditionally consented to the granting of the relief sought by the Trustee in this Motion.

**D.** **Citibank, N.A.:** Filed Proof of Claim No. 5 in the amount of $219,826.37. This claim is based on a Home Equity Line of Credit Deed of Trust presented and recorded in Wake County on September 27, 2007. The Trustee filed a complaint to avoid the lien of the claimant on August 25, 2016, in the United States District Court for the Eastern District of North Carolina, Civil Case No. 5:16-cv-757-RE. Citibank filed a motion to dismiss that adversary proceeding, which the Court granted on December 13, 2017. Citibank, through its counsel, has filed with the Court its written unconditional consent to the Trustee's Motion to Sell [DE-432].

**E.** **Wells Fargo Bank f/k/a Wachovia Bank and/or Sumner Broughton, Co-Executors of the Estate of Robert B. Broughton ("Wells Fargo as Executor")[3]:** Filed Proof of Claim No. 3 in the amount of $47,941.14 based upon judgments recorded on November 6, 2012 (file no. 72-CVD-4841) and recorded on June 27, 2014 (file no. 14-CVS-74634) both in the Office of the Clerk of Superior Court of Wake County, North Carolina.

---

[3] It was represented to the Court at the Hearing in this matter that Wachovia Bank and Sumner Broughton were duly appointed as the co-executors of the Estate of Robert Broughton. Sumner Broughton is deceased. The terms of the will of Robert Broughton call for the survivor of the co-executors to continue serving as the sole executor. Wells Fargo is the successor in interest to Wachovia. As such, Wells Fargo is now the sole executor of the Estate of Robert Broughton and appears in that capacity, through counsel.

The Trustee does not dispute this claim. Wells Fargo as Executor appeared through counsel at the Hearing on the Motion, and expressed its unconditional consent to the relief sought by the Trustee.

The Debtor was given notice and the opportunity to be heard with regard to the Trustee's Motion to Sell. The Debtor did not appear at the scheduled hearing. The Debtor, however, filed a written opposition to the Trustee's Motion to Sell, wherein she moves to dismiss his motion.[4] [DE-419]. The Debtor's motion is addressed *infra*.

## II. DISCUSSION

Section 363(b) of the Bankruptcy Code allows a trustee, after notice and a hearing, to use, sell or lease property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b). Section 363(f) further provides that the trustee may sell such property free and clear of any entity's interest in such property if at least one of the following conditions is met:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;

---

[4] While the Debtor apparently objects to the Trustee's proposed sale, the Court notes that in her amended Chapter 13 Plans, the Debtor proposed for the property to be sold and for "all secured creditors to be paid at [the] closing of sale of [the] property." [Bankr. Case No. 14-07268-5-JMC, DE-83 at 3; DE-111 at 3].

6

> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of interest.

11 U.S.C. § 363(f). "Selling property through the bankruptcy court requires a two-step process. First, the Trustee must obtain permission to sell the Property free and clear of liens (which is being done here). Second, the Property will be sold only if the appropriate notice is given to creditors and parties-in-interest under the Federal Rules of Bankruptcy Procedure." In re Phillips, Bankr. Case No. 12-09022-8-DMW, slip op. at 4 (Bankr. E.D.N.C. June 30, 2015).

In this Motion, the Trustee relies exclusively on the grounds set out in § 363(f)(2). The Trustee has obtained the consent of the Wake County Revenue Department, Bank of New York Mellon, Citibank, Bank of America, and Wells Fargo as Executor to sell the Real Property free and clear of their respective liens. Accordingly, the Court finds that the requirements of 11 U.S.C. § 363(f)(2) have been satisfied.

The Debtor objects to the Trustee's Motion on grounds unrelated to any of the provisions under § 363(f). Rather, she asserts that claimant Wells

7

Fargo as Executor has committed various acts of fraud and other "bankruptcy crimes." [DE-491 at 1]. She contends that the Court or the Trustee should have reported these crimes and dealt with them appropriately. Had this been done, she argues, the property "extorted" from her would have been returned, thus allowing her to pay her lawful creditors. [Id]. The Debtor does not in any way address her prior request that the Real Property be sold. [See Bankr. Case No. 14-07268-5-JMC, DE-83 at 3; DE-111 at 3].

The Debtor's purported objections to the Trustee's Motion do not affect the propriety of the proposed sale but rather challenge the validity of the judgments underlying Wells Fargo's claim. The validity of those judgments, however, has already been decided by the Wake County District Court, and for the reasons previously stated by Judge Boyle, the Debtor is barred from re-litigating such matters in this Court. See Broughton v. Wells Fargo and Co., Civil Case No. 5:16-cv-00303-BO, slip op. at 4-5 (E.D.N.C. Nov. 3, 2016). Accordingly, the Debtor's Motion to Dismiss the Trustee's Motion to Sell must be denied. Moreover, consent of the Debtor is not required in order to allow relief pursuant to § 363(f)(2). All that is needed is the consent of all the parties who claim a lien in the property to be sold. The Trustee has demonstrated that all such lien claimants have unconditionally consented,

and thus the Trustee is entitled to relief, notwithstanding the Debtor's allegations.

For all of these reasons, the Court concludes that the Trustee is entitled to sell the property free and clear of liens, with the proceeds of the sale of the real property described herein being substituted as collateral for valid liens against that real property, as provided by § 363 of the Bankruptcy Code. The Court finds that it is in the best interest of the bankruptcy estate and all creditors of this estate, both secured and unsecured, to allow the Trustee to sell the property free and clear of all liens of the creditors.

**IT IS, THEREFORE, ORDERED** that the Debtor's Motion to Dismiss [DE-419] is **DENIED**, and the Trustee's Motion to Sell Assets Free and Clear of Liens and Transfer Liens to Proceeds of Sale [DE-411] is hereby **GRANTED** and such sale is hereby **APPROVED**. Any court-approved sale of the property as herein described shall be free and clear of liens. The proceeds of the sale of the real property shall be substituted as collateral for all valid liens against that real property as identified in Exhibit A attached hereto, in the same priority as such liens would have in the Real Property. Such proceeds shall be further subject to the costs of any sale and other expenses allowed pursuant to § 506(c) of the Bankruptcy Code, all as

hereinafter approved by the Court upon any notice as may be required by the Code.

**IT IS FURTHER ORDERED** that the Debtor's "Motion to Dismiss the Motion to Sell" [DE-419] is **DENIED**.

**IT IS SO ORDERED** this the 15th day of December, 2017.

MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| SECURED CREDITOR* | DESCRIPTION OF ALLEGED LIEN | LIEN AMOUNT |
|---|---|---|
| David R. DiMatteo, Esq<br>McGuireWoods LLP<br>Attorney for Bank of America, N.A. f/k/a National Banking Association<br>201 North Tryon St Suite 300<br>Charlotte, NC 28202 | Deed of Trust dated June 19, 2006 in the original amount of $250,000.00 recorded in Book 12016, Page 1429, Wake County Registry. | $240,028.25 |
| Zipporah Basile Edwards, Esq.<br>Horack Talley Pharr & Lowndes, P.A.<br>Attorney for Bank of New York Mellon f/k/a Capital Bank; f/k/a MERS; f/k/a the Bank of New York<br>301 S. College Street<br>2600 One Wells Fargo Center<br>Charlotte, NC 28202-6038 | Deed of Trust dated November 20, 2006 in the original amount of $350,000.00 recorded in Book 12273, Page 1799, Wake County Registry. | $348,081.16 |
| Renner St. John, Esq.<br>Brock & Scott, PLLC<br>Attorney for Citibank<br>CitiMortgage<br>5121 Parkway Plaza Blvd.<br>Charlotte NC 28217 | Deed of Trust dated September 27, 2009 in the original amount of $250,000.00 recorded in Book 12767, Page 1627, Wake County Registry. | $219,826.37 |
| Wells Fargo Bank, Executor**<br>c/o W. Sidney Aldridge, Esq.<br>P.O. Box 18237<br>Raleigh, NC 27619 | Judgment dated November 6, 2012 in the original amount of $34,30.08, file no. 12 M 6800 Wake County. | $34,830.08 |
| Wells Fargo Bank and Sumner Broughton, Co-Executors **<br>c/o W. Sidney Aldridge, Esq.<br>P.O. Box 18237<br>Raleigh, NC 27619 | Judgment dated November 6, 2012,<br>file no. 72-CVD-4841<br>Judgment dated June 27, 2014, file<br>no. 14-CVS-7463 | $47,941.14 |
| Wake Co. Revenue Dept<br>Attn: Bankruptcy Dept/Officer<br>Wake Co. Justice Bldg<br>301 S. McDowell St,<br>Suite 3800<br>P.O. Box 2331<br>Raleigh, NC 27602 | Ad Valorem Taxes | $85,383.71 |

\* This list is intended to address all liens of the listed creditors, including all other alleged liens of such creditors which may not be specifically described herein. The lien amounts stated are only estimates and are subject to accruing interest and charges, if applicable.

\*\* The indices found in the Offices of the Clerk of Superior Court and the Register of Deeds of Wake County name Wells Fargo, Executor, or the Estate of Robert B. Broughton, or both, as the Plaintiffs in varying ways. The description used in this chart is meant to include all alleged liens of either or both parties.