# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON, )
)
) **ORDER**
Debtor. )
)

**THIS MATTER** is before the Court upon the Trustee's "Motion Requesting an Order for the Debtor to Surrender and Vacate Her Residence and Guidelines Therefore [sic]" [DE-497] and the Trustee's "Motion for Order Directing Debtor to Cooperate with the Trustee in the Liquidation of Assets at the Risk of Sanctions or Contempt" [DE-499]. The Court held a hearing on these motions on August 10, 2018.

## I. BACKGROUND

The Debtor Celeste G. Broughton ("Debtor") filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code on December 15, 2014. [Bankr. Case No. 14-07268-5-JNC (the "Bankruptcy Proceeding"). On July 14, 2105, the case was converted to one under Chapter 7. [DE-140]. Thereafter, Walter L. Hinson was appointed as the Chapter 7 Trustee ("Trustee") by order of the Bankruptcy Court. [DE-142, as amended by DE-146].

On May 19, 2016, on his own motion, the Honorable Terrence W. Boyle, United States District Court Judge, entered an Order Withdrawing Reference to the United States Bankruptcy Court for the Eastern District of North Carolina in the bankruptcy proceeding. [DE-396]. The Court then docketed the main Bankruptcy Proceeding as Case No. 5:16-cv-302-BO. On July 21, 2017, the case was reassigned to the undersigned. [DE-436].

The Estate of the Debtor owns real property located in the City of Raleigh, Wake County, North Carolina, which is described as follows: 2529 White Oak Road, Raleigh, NC 27609, Lots 59-66 PT Lots 67-68, Anderson Heights BM1920-0023. Situated upon the property is a single-family residence, where the Debtor resides.

Several creditors in this matter asserted secured claims which were secured by the real property. On December 15, 2017, this Court entered an Order granting the Trustee's Motion to Sell Assets Free and Clear of Liens and Transfer of Liens to Proceeds of Sale, finding that it was in the best interest of the bankruptcy estate, as well as all secured and unsecured creditors of the estate, to allow the Trustee to sell the real property free of all liens. [DE-471]. On February 20, 2018, the Debtor sought to appeal the December 15, 2017 Order to the United States Court of Appeals for the Fourth Circuit by filing a Petition for Extraordinary Writ. [DE-490]. The

Fourth Circuit dismissed the Debtor's Petition for Extraordinary Writ on April 24, 2018. [DE-507].

As early as February 20, 2017, the Trustee communicated with the Debtor by letter advising her of his plan to sell the property, giving her a deadline to vacate the property, and attaching guidelines for the process. [DE-497, Ex. A]. Following the entry of the Court's Order allowing the sale free of liens, the Trustee mailed a communication to approximately 200 real estate brokers requesting a proposed Marketing Plan or an offer. [DE-498-1 at ¶ 6].

On January 30, 2018, the Trustee held a conference call with the Debtor, reminding her of his earlier communication and of his intent to market the property. The Debtor responded that she recalled the letter and still had a copy of the communication. The Debtor also responded that she believes the Trustee has no authority to sell her property, and that she would not vacate the property now or at any point in the future. The Trustee also advised the Debtor of his communication to real estate brokers as described above. The Debtor requested copies of the communication and the mailing list, which was immediately delivered to her both electronically and by mail. Subsequently, the Debtor communicated with several of those real estate brokers, attempting to thwart the sale process and to undermine the

continued administration of this estate. [DE-497, Ex. C]. In her letter, the Debtor made the following unsubstantiated claims: that the Order allowing the sale free and clear of liens was "**void ab initio** under both bankruptcy and non[-]bankruptcy law"; that the property cannot be sold because her adversary proceeding against Wells Fargo remains pending; and that the Trustee has no standing to sell the property "due to his constant criminal violations of the bankruptcy rules governing trustees." [Id. (emphasis in original)].

As a result of the Debtor's actions and her refusal to vacate the property, the Trustee asserts that he believes the Debtor will not cooperate in a sale process or voluntarily vacate the residence upon sale. The Trustee further asserts that he believes the Debtor's actions to date clearly indicate that her continued occupancy of the property will have a chilling effect on all sale efforts. Accordingly, the Trustee now moves for an Order requiring the Debtor to surrender and vacate the residence and for an Order directing the Debtor to cooperate with the Trustee's efforts to liquidate the estate's assets at the risk of sanctions or contempt. [DE-497, DE-499].

In response to the Trustee's motion, the Debtor contends that the Order allowing the sale of the real property free and clear of all liens is invalid as it was procured by fraud on the part of the Trustee. She further contends

that the Trustee has no legal basis to sell the real property, much less to require her to vacate the premises. [DE-504]. The Debtor reiterated these same arguments at the hearing on these motions. When directly asked by the Court whether she would cooperate with the sale of the property if a final order were entered directing such sale, the Debtor repeatedly and unequivocally stated that she would not cooperate [DE-546 at 71, 72, 73, 77], as exemplified by the following exchange between the Court and the Debtor:

> THE COURT: Whatever legal rights you have – for instance, rights of appeal or whatever else – you have those rights. Nobody is taking those away from you. If I – if, hypothetically – if I enter an order that directs you to cooperate, that doesn't take away your legal rights to do such things as appeal. That's not what I'm asking about. I'm just asking that when there is a final order that says that you have to cooperate, will you?
>
> MS. BROUGHTON: No. No. I guess you just have to do like Mr. Hinson says, you have the Marshal drag me out of the house. I guess you have to do that.

[Id. at 72-73].

## II. DISCUSSION

Section 521(a)(3) of the Bankruptcy Code requires that, in a case where a trustee is serving, the debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this

5

title." 11 U.S.C. § 521(a)(3). Additionally, a debtor must "surrender to the trustee all property of the estate...." 11 U.S.C. § 521(a)(4). A debtor must comply "with any reasonable request that will assist the trustee in performing the trustee's duties." In re Moran, No. 10-35955, 2013 WL 4519608, at *3 (Bankr. S.D. Tex. Aug. 26, 2013).

Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Where a debtor fails to cooperate with a trustee in bad faith, the Court therefore has inherent authority to sanction the debtor. Id.; In re Pulliam, No. 10-60725-7, 2011 WL 1332040, at *2 (Bankr. D. Mont. Mar. 31, 2011). Any such bad faith must be shown by clear and convincing evidence. Moran, 2013 WL 4519608, at *4.

Pursuant to § 105, the Court may also impose civil contempt penalties on a non-cooperating debtor, either to compensate the trustee or to coerce compliance by the debtor with a court order. Pulliam, 2011 WL 1332040, at *3. In order to find a debtor in civil contempt, the trustee must demonstrate "a specific and definite violation of [a] court order, by clear and convincing evidence." Moran, 2013 WL 4519608, at *4.

Here, the subject real property is property of the bankruptcy estate. The Debtor listed it as property of the estate when she filed her initial

6

bankruptcy petition. The Debtor mortgaged this property to several of the secured creditors in this bankruptcy in order to obtain funds for her expenses, thus giving rise to the secured claims in the estate. The Debtor belatedly tried to claim the real estate exempt in the bankruptcy, but this claim has been rejected. The Debtor has also belatedly sought to have the real estate declared to be outside of the estate because she had placed it into a living trust. That argument has also been rejected by this Court.

The Debtor nonetheless claims that no sale can take place. She personally contacted the real estate brokers who may participate in such sale to assert three grounds why such brokers should undertake to be involved in such sale. The Debtor asserted that the Order allowing the sale is "void ab initio" due to the Trustee's fraud. There is nothing in the record, however, showing any defect in the Order, much less that it is void. The Debtor also claimed that the property cannot be sold so long as her adversary proceeding against Wells Fargo is still pending. That proceeding, however, was dismissed in 2016 by Judge Boyle, and no appeal was taken therefrom. See Broughton v. Wells Fargo and Co., No. 5:16-cv-00303-BO (E.D.N.C.). The Debtor also made the inexplicable claim that the Trustee has no standing to sell the property. Of course, as the Chapter 7 Trustee, the Trustee is the

*only* party currently with standing to sell the real estate. See 11 U.S.C. § 363(b)(1).

The Debtor's relentless, obstreperous acts in attempting to thwart the marketing and sale of the real property impede and continue to impede the efficient administration of the bankruptcy estate. Further, the Debtor has made clear to the Trustee and to this Court that she does not intend to cooperate with sale of the real property. The Debtor has advised the Trustee that she has no intention of vacating the property. The Debtor has also stated directly to this Court that she does not intend to cooperate with the Trustee's attempts to market and sell the property. The Court finds that the Trustee would be unable to perform his duties in effectively administering the estate in the absence of the requested relief.

Accordingly, **IT IS, THEREFORE, ORDERED** that:

(1) The Trustee's "Motion Requesting an Order for the Debtor to Surrender and Vacate Her Residence and Guidelines Therefore [sic]" [DE-497] and the Trustee's Motion for Order Directing Debtor to Cooperate with the Trustee in the Liquidation of Assets at the Risk of Sanctions or Contempt [DE-499] are **GRANTED**.

(2) The Debtor, and anyone claiming possession of the property under her authority or invite, shall immediately, without limitation, facilitate

and allow the Trustee and his agents, and prospective purchasers and their agents, including their real estate brokers, open, unfettered, and unimpeded access to the property.

(3) Within sixty (60) days of the entry of this Order ("the turnover date"), the Debtor shall vacate the premises and deliver full, complete, and exclusive possession and control of the property and all incidental property to the Trustee. In so doing, the Debtor shall turn over to the Trustee, or his agent, all keys, all alarm codes, and all other devices to gain or secure entry to the property.

(4) The Debtor shall not in any manner impede or interfere with the Trustee's access to or rights in the property or remove or destroy any of the incidental property; shall not cause or allow any waste to occur on or about the property; and shall not, without the Trustee's written consent, remove from the property any property typically included in the sale of a home including, without limitation, any major appliance, HVAC systems, window treatments, fixtures, or built-in furnishing.

(5) The Court directs that any personal property remaining on the property after the turnover date shall be deemed abandoned and therefore may be disposed of by the ultimate purchaser of the property or by the Trustee in a manner deemed appropriate and expeditious.

(6) The Court directs that the Trustee may obtain the assistance of the United States Marshals Service, as necessary, to enter the property, secure the property, and remove the Debtor and anyone under her authority claiming possession of the property, if they fail to voluntarily and timely comply with the provisions of the Order.

(7) The Court further directs and authorizes the United States Marshals Service to use all force reasonably necessary to assist the Trustee in his duties as described and otherwise to effectuate or carry out the Order.

(8) The Debtor is hereby directed to cooperate and assist the Trustee in the marketing and sale of the real property described above. **THE DEBTOR IS HEREBY ADVISED THAT IF SHE WILLFULLY AND KNOWINGLY REFUSES TO OBEY THE ORDERS OF THIS COURT, THE COURT MAY FIND HER IN CONTEMPT AND SUBJECT HER TO MONETARY OR OTHER SANCTIONS AS MAY BE APPROPRIATE.**

**IT IS SO ORDERED.**

Entered this the 2 day of October, 2018.

_____
MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE