THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON,     )
                                 )
                                 )     O R D E R
                 Debtor.         )
                                 )
_____  )

**THIS MATTER** is before the Court upon the "Chapter 7 Trustee's Motion to Terminate Trust and to Revert Legal Title of Real Property to Property of the Estate of the Debtor" [DE-510]. The Court held a hearing on this motion on August 10, 2018.

I. **BACKGROUND**

The Debtor Celeste G. Broughton ("Debtor") filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code on December 15, 2014. [Bankr. Case No. 14-07268-5-JNC (the "Bankruptcy Proceeding")]. In her initial Schedules, the Debtor listed her residence located at 2529 White Oak Road, Raleigh, Wake County, North Carolina ("the Real Property"), as her primary real estate asset. She estimated the value of the Real Property

to be $600,000, and she claimed that she held the property in "fee simple absolute; and [as] trustee for trust for the benefit of her heirs." [DE-40 at 3].[1]

The Debtor proposed a Chapter 13 Plan, which as amended, provided for the Debtor to market and sell the Real Property in order to pay all secured creditors. [DE-83, 111]. The Bankruptcy Court rejected the Debtor's proposed plan, and on July 14, 2105, the case was converted to one under Chapter 7. [DE-140]. Thereafter, Walter L. Hinson was appointed as the Chapter 7 Trustee by order of the Bankruptcy Court. [DE-142, as amended by DE-146].

On May 19, 2016, on his own motion, the Honorable Terrence W. Boyle, United States District Court Judge, entered an Order Withdrawing Reference to the United States Bankruptcy Court for the Eastern District of North Carolina in the bankruptcy proceeding. [DE-396]. The Court then docketed the main Bankruptcy Proceeding as Case No. 5:16-cv-302-BO. On July 21, 2017, the case was reassigned to the undersigned. [DE-436].

On December 15, 2017, this Court entered an Order granting the Chapter 7 Trustee's Motion to Sell Assets Free and Clear of Liens and

---

[1] The Debtor also claimed to be owed (1) approximately $10,000,000 in unpaid alimony, maintenance, and support; (2) a property tax refund of $150,000 due to "overtaxation"; and (3) $100,000 plus interest arising from acts of extortion by "agents of Wells Fargo and Co." [DE-49 at 5]. However, the Debtor either has been unsuccessful in enforcing those debts or has abandoned them. Thus, the only asset in the bankruptcy estate of significant value is the subject Real Property.

2

Transfer of Liens to Proceeds of Sale, finding that it was in the best interest of the bankruptcy estate, as well as all secured and unsecured creditors of the estate, to allow the Chapter 7 Trustee to sell the Real Property free of all liens.[2] [DE-471].

Notwithstanding her own prior proposal to sell the Real Property, the Debtor now opposes any such sale. While claiming in her Schedules to own the real estate in fee simple absolute, she now takes the position that the Real Property is held by her solely in a fiduciary capacity for the benefit of her adult children and, therefore, the residence is not subject to sale by the Chapter 7 Trustee as an asset of the bankruptcy estate. In so arguing, the Debtor relies upon a revocable Trust Agreement she executed on September 19, 1977, pursuant to which the Debtor, as Grantor, agreed that the property would be received, held, managed, and "otherwise dealt with" by the Debtor as Trustee. A Deed from Celeste Gold Broughton, Grantor, to Celeste Gold Broughton, Trustee, was recorded in Book 2544, Page 594 in the Office of the Wake County Registry on the same day that this Trust Agreement was executed. [DE-511, Ex. B].

---

[2] All claims secured by the real property would then attach to the proceeds of the sale. [DE-471].

Since the Debtor has asserted this argument, the Chapter 7 Trustee now moves by the present motion for an order terminating the 1977 Trust Agreement and declaring that full legal and equitable beneficial title of the Real Property resides in the Debtor such that the property is subject to the debts of the Debtor, thereby clarifying that the Real Property is in fact an asset of the bankruptcy estate. [DE-510].

## II. DISCUSSION

The operative facts underlying this matter are not subject to dispute. Specifically, the authenticity of the Trust Agreement, Trust Deed, and the prior Orders entered by this and other courts are not in question. It is the application of the law to these documents which dictates the result.

The Chapter 7 Trustee's motion calls upon the Court to determine whether the Real Property at issue is in fact property of the estate even though the Debtor claims to hold such property solely in a fiduciary capacity for the benefit of others.

The Court begins by examining the 1977 Trust Agreement. The Trust at issue is a simple, straight-forward living trust. The Trust Agreement identifies the Debtor as both the Grantor and the Trustee. Under Article II of the Trust Agreement, the Debtor (as Grantor) is the sole beneficiary of the Trust during her lifetime. Under Article III, the Debtor (as Grantor) has the

4

sole authority to modify, amend or revoke the Trust Agreement. [DE-511-4]. As such, the Debtor has the full authority to appoint the remainder interest in all the trust assets to herself, in addition to her life interest. Thus, the Debtor holds the full beneficial interest in the trust assets, along with her full legal title as Trustee. The Real Property at issue was deeded to this living trust. Because the Debtor is both the Trustee and the sole beneficiary of the Trust, all legal and equitable title remained with her. "[W]here the holder of the legal title and the cestui que trust are one and the same person, the result is a merger of the legal and equitable title, defeating the trust and ordinarily conferring a fee simple title upon the person holding the legal title and beneficial interest." Blades v. Norfolk S. Ry. Co., 224 N.C. 32, 37, 29 S.E.2d 148, 151 (1944); Odom v. Morgan, 177 N.C. 367, 99 S.E. 195, 196 (1919) ("It is . . . held generally that where the legal and equitable title of real estate both vest in the same person, the equitable title will merge in the legal estate, and absolute ownership will ensue divested of the trust.").

The Wake County Superior Court reached the same conclusion in a prior proceeding involving the Debtor's interest in this same Real Property. See Justin John Gold Broughton, Robert B. Broughton, Jr., and Celeste Gold Broughton v. Robert B. Broughton, No. 88 CVS 6157 ("the State Court Order"). [DE-510-5]. In that action, the Wake County Superior Court granted

5

a motion by the defendant (the Debtor's ex-husband) to designate the Real Property as subject to sale under execution issued upon the judgment against the Debtor. The Debtor contended in that prior action, as she does now, that the Real Property was held by her in a fiduciary capacity as a trustee. Therefore, the Debtor argued, as trust property, the Real Property was not exposed to her personal debts or judgments. After examining the 1977 Trust Agreement, the Superior Court held as a matter of law that, because the Debtor has "unbridled discretion, power, and control . . . to withdraw the real property from the trust" and as the beneficiary of the trust, "has the authority to exercise complete power and control over the real property and its disposition and use," that the Debtor, in fact, owns the Real Property. Accordingly, the Superior Court held that the Real Property could be sold under execution to satisfy the judgment against the Debtor. [Id. at 7-8].

For all these reasons, the Court concludes that, despite the execution of the Trust Agreement and the deed transferring the Real Property into the trust, the Debtor retained full legal and beneficial title to the Real Property and continued to do so until the commencement of the present bankruptcy proceeding. When the Debtor filed her bankruptcy petition, such Real Property then became part of the bankruptcy estate. See 11 U.S.C. §

541(a)(1) (stating that a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case").

Having determined that the subject Real Property became part of the bankruptcy estate notwithstanding the trust arrangement, the question remains as to whether the relief sought by the Chapter 7 Trustee -- namely, termination of the 1977 Trust Agreement -- is warranted. By the terms of the Trust Agreement, the trust estate include both real and personal property. The Chapter 7 Trustee does not challenge the ownership of any personal property held by the Trust. Rather, the Chapter 7 Trustee only seeks a determination that the Real Property is no longer subject to the terms of the Trust Agreement and that the Real Property is an asset of the bankruptcy estate. As such, it would appear that the Chapter 7 Trustee is seeking only a *modification*, and not a *termination*, of the 1977 Trust Agreement.

North Carolina law allows for the modification or termination of a trust "if the continuation of the trust on its existing terms would be impracticable or wasteful or impair the trust's administration." N.C. Gen. Stat. § 36C-4-412(b). Here, the Chapter 7 Trustee has asserted that both the marketing of the property and the maximizing of the potential proceeds for the benefit of the bankruptcy estate have been impeded as a result of the state of the

property's title and the claims made by the Debtor based thereon.[3] [DE-510 at 4]. The Court, pursuant to the Chapter 7 Trustee's Motion, has already allowed the property to be sold free of liens, thereby removing the impediments arising from the liens of the secured creditors. See 11 U.S.C. § 363(f). The deed purporting to convey the property to the Debtor as trustee for the Debtor's living trust, however, remains a cloud on the title and an impediment to conveying marketable title for the benefit of the bankruptcy estate. For the reasons stated supra, the Court concludes that the living trust created by the 1977 Trust Agreement serves no legal purpose with respect to the Real Property because full legal and beneficial title to such Real Property resided in the same person, that being the Debtor. When the Debtor commenced her bankruptcy proceeding, this Real Property became property of the bankruptcy estate and thus became subject to administration by the Court.

For all these reasons, the Court concludes that continuation of the trust on its existing terms would be impracticable and wasteful and further would impair the effective administration of the bankruptcy estate. Accordingly, the

---

[3] While the Debtor now claims that she does not hold full legal and beneficial title to the Real Property, the Debtor previously took a contrary position when she sought to mortgage the property to secure her personal debts. Those secured debts are now being enforced in this bankruptcy by the sale of the property that the Debtor mortgaged.

Court concludes that removal of the Real Property from the trust estate established by the 1977 Trust Agreement is warranted pursuant to N.C. Gen. Stat. § 36C-4-412(b). With the modification of the 1977 Trust Agreement, the Debtor can no longer claim that she holds legal title to the property as a fiduciary for the benefit of others.

In sum, the Court concludes that, notwithstanding the execution of the 1977 Trust Agreement, full legal and equitable title to the Real Property resided in the Debtor. With the commencement of the bankruptcy proceeding, such property became an asset of the bankruptcy estate and thus subject to administration and liquidation by the Chapter 7 Trustee. It is the intent of this Court that the modification of the 1977 Trust Agreement as requested by the Chapter 7 Trustee will clear title to the Real Property and permit the Chapter 7 Trustee to proceed with his obligation to sell such property, distribute the proceeds, and close the bankruptcy estate as expeditiously as possible.

**IT IS, THEREFORE, ORDERED** that the "Chapter 7 Trustee's Motion to Terminate Trust and to Revert Legal Title of Real Property to Property of the Estate of the Debtor" [DE-510] is **GRANTED**, and the 1977 Trust Agreement is hereby **MODIFIED** so as to no longer apply to the real property located at 2529 White Oak Road, Raleigh, North Carolina.

**IT IS FURTHER DECLARED** that full legal and beneficial title having been retained by the Debtor, Celeste Gold Broughton, the real property located at 2529 White Oak Road, Raleigh, North Carolina, is subject to administration and liquidation by the Chapter 7 Trustee as property of the Debtor's bankruptcy estate.

**IT IS SO ORDERED.**

Entered this the 2 day of October, 2018.

_____
MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE