THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON, )
)
) ORDER
)
Debtor. )
)

**THIS MATTER** is before the Court on the Debtor's "Motion for Leave to Appeal Four Orders of Judge Martin Reidinger, DE 549" [DE-551].

By the present motion, the *pro se* Debtor requests leave to appeal to the Fourth Circuit Court of Appeals the Order of this Court entered October 2, 2018, which denied the Debtor's motion for reconsideration of several of the Court's prior rulings. [DE-549]. For grounds, the Debtor states that "[t]he importance of each of those appeals is explained in DE 543," which is the original version of the Debtor's motion for reconsideration.[1] [DE-551 at 2].

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for

---

[1] In the October 2, 2018 Order [DE-549], the Court allowed the Debtor to file a more legible version of DE-543. [See DE-544].

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). The Fourth Circuit has cautioned that § 1292(b) should be used only "sparingly" and that "its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989); see also City of Charleston v. Hotels.Com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (explaining that "certification of an interlocutory appeal should generally be limited to extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment"). The burden is on the movant to demonstrate that the extraordinary relief of certification under § 1292(b) is warranted. See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995).

Here, the Debtor has failed to make any showing that the Court's Order creates a substantial ground for difference of opinion. "An issue presents a substantial ground for a difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Lynn v. Monarch Recovery Mgmt. Inc., 953 F. Supp. 2d 612, 624 (D. Md. 2013) (emphasis in original). Here, the Debtor does not identify any substantial difference in opinion as to the legal issues addressed in the Order that she seeks to appeal, and the Court does not discern any such difference in opinion.

Further, the Debtor has failed to show that an interlocutory appeal of the Court's Order denying reconsideration would materially advance the disposition of this litigation. In fact, it would appear that the opposite is true. This bankruptcy proceeding has been pending since 2015. During that time, the Debtor has objected to nearly every Order that has been entered by this Court on meritless grounds, has unsuccessfully sought reconsideration of countless Orders, and has filed a series of fruitless appeals with the Fourth Circuit. The Debtor has also engaged throughout this litigation in a pattern of obstructionist behavior that has been intended to impede and has impeded the marketing and sale of the primary asset of the estate, her real property. The Debtor's attempt to seek interlocutory review of the Court's Order is nothing more than a continuation of her efforts to delay the proper and timely administration of this Chapter 7 estate.

For all these reasons, the Court concludes that the Debtor has failed to demonstrate that certification of the Court's Order is warranted under 28 U.S.C. § 1292(b).

**IT IS, THEREFORE, ORDERED** that the Debtor's "Motion for Leave to Appeal Four Orders of Judge Martin Reidinger, DE 549" [DE-551] is **DENIED**.

**IT IS SO ORDERED** this the __16__ day of November, 2018.

*/s/ Martin Reidinger*
MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE