THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00302-RE

In re: CELESTE G. BROUGHTON,  )
                                                )
                                                )        <u>**O R D E R**</u>
                                                )
                      Debtor.          )
                                                )

**THIS MATTER** is before the Court on the Debtor's "Motion to Limit Trustee's Access to Subject Property Pending Resolution of Status of Order to Sell" [DE-584]. The Trustee opposes the Debtor's Motion. [DE-588].

On December 15, 2017, the Court entered an Order granting the Trustee's Motion to Sell Assets Free and Clear of Liens and Transfer of Liens to Proceeds of Sale. [DE-471]. This Order specifically authorities the Trustee to market and sell the real property located in the City of Raleigh, Wake County, North Carolina, which is described as follows: 2529 White Oak Road, Raleigh, NC 27609, Lots 59-66 PT Lots 67-68, Anderson Heights BM1920-0023 ("the Real Property").

On October 2, 2018, the Court entered an Order directing the Debtor to cooperate with the Trustee in the liquidation of the Real Property and to surrender and vacate the Real Property within sixty (60) days of the entry of

the Order ("the turnover date"). [DE-547]. In that Order, the Court specifically directed that "any personal property remaining on the property after the turnover date shall be deemed abandoned and therefore may be disposed of by the ultimate purchaser of the property or by the Trustee in a manner deemed appropriate and expeditious." [Id. at 9].

The Debtor willfully refused to comply with those Orders, necessitating a show cause hearing on January 25, 2019, and a finding of civil contempt on the part of the Debtor. The Debtor was remanded to the custody of the United States Marshals until the Trustee was able to obtain access the Real Property and secure the premises later that day. The Debtor's civil contempt was then purged.

By the present motion, the *pro se* Debtor moves the Court for an Order restricting the Trustee's access to the real property "pending entry of a valid order (if any) to sell the property." [DE-584]. The Debtor's Motion must be denied. A valid order to sell the Real Property has already been entered. [See Doc. 497]. The Debtor sought to appeal that Order, but that appeal was denied. [DE-507]. There are no other appellate proceedings pending at this time regarding that Order. Therefore, as the Court has now reiterated several times, the Order entered on December 15, 2017 is a valid Order to

sell the Real Property, and the Trustee is entitled to take all necessary steps within the bounds of the law to effectuate that Order.

The Debtor contends that she was never informed "of the possibility of entry of an order that would endanger that very fragile personal property of [the Debtor's] sons." [Id.]. Contrary to the Debtor's assertion, however, the Order entered October 2, 2018, clearly informs the Debtor that "any personal property remaining on the property after the turnover date **shall be deemed abandoned and therefore may be disposed of** by the ultimate purchaser of the property or by the Trustee in a manner deemed appropriate and expeditious." [DE-547 at 9] (emphasis added). The Debtor had 60 days prior to the turnover date to remove any personal property from the Real Property. She then had an additional 52 days prior to the January 25, 2019 contempt hearing to remove such personal property. She failed to do so. Thus, in accordance with the October 2, 2018 Order, any personal property remaining at the Real Property is deemed abandoned and may be disposed of by the Trustee or the ultimate purchaser of the property.

**IT IS, THEREFORE, ORDERED** that the Debtor's "Motion to Limit Trustee's Access to Subject Property Pending Resolution of Status of Order to Sell" [DE-584] is **DENIED**.

IT IS SO ORDERED this the __25__ day of February, 2019.

_____
**MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE**